[B009241. Second Dist., Div. Five. Mar. 15, 1988.]

LOS ANGELES UNIFIED SCHOOL DISTRICT, Plaintiff and Appellant, v.
THE STATE OF CALIFORNIA et al., Defendants and Respondents.

**COUNSEL**

De Witt Clinton, County Counsel, Richard K. Mason, Deputy County Counsel, Ron Apperson and Ada R. Treiger for Plaintiff and Appellant.

John K. Van de Kamp, Attorney General, N. Eugene Hill, Assistant Attorney General, and Henry G. Ullerich, Deputy Attorney General, for Defendants and Respondents.

**OPINION**

**ASHBY, Acting P. J.**—The Los Angeles Unifed School District (District) filed a claim with the Board of Control of the State of California (Board) seeking to be reimbursed for financial costs of complying with Statutes 1973, chapter 993, which created the California Occupational Safety and Health Administration (Cal OSHA). District claimed that its costs of complying with the Cal OSHA law were costs mandated by the state for which District was entitled to reimbursement pursuant to Revenue and Taxation Code section 2207.5[1] and former section 2231. Board denied the claim on the ground that Board had previously determined, upon a similar claim by the San Jose School District, that "no mandate exists in Chapter 993, Statutes of 1973," because this chapter did not involve a new program or increased level of service beyond preexisting law applicable to school districts.

Pursuant to former section 2253.5 and Code of Civil Procedure sections 1094.5 and 1085, District petitioned for a writ of mandamus from the superior court, seeking judicial review of Board's determination that no mandate exists under this statute. The superior court denied the writ, not on its merits, but on the ground that District had no right to judicial review of Board's decision denying its claim. According to Board's and the superior court's interpretation of the pertinent claims procedures (former § 2250 et seq.), District, as well as any other local agency or school district, is bound by Board's prior determination on the San Jose claim, and cannot seek judicial review of Board's interpretation of the Cal OSHA law; according to this theory, only the San Jose School District could have sought such

---

[1] All statutory references are to the Revenue and Taxation Code unless otherwise specified.

judicial review, and since it did not, the question is foreclosed from judicial inquiry.

We hold this interpretation is erroneous. Board's opposition to judicial review in this case is based on an erroneous premise that multiple public hearings pursuant to former section 2253.2, subdivision (a), would be required. Although it was proper for Board to rely on its prior San Jose decision and to refuse to hold a new public hearing pursuant to former section 2253.2, District has the right to seek judicial review of Board's denial of *District's* claim. Board has incorporated its decision and proceedings in the San Jose case as its reason for denying District's claim in this case. ■ Whether the Cal OSHA law mandates reimbursable costs is a question of law for the court to decide. (See *Carmel Valley Fire Protection Dist.* v. *State of California* (1987) 190 Cal.App.3d 521, 533, 536 [234 Cal.Rptr. 795].) To the extent Board's decision on the question of law involved is based on the evidence produced in the San Jose proceedings, those proceedings could be incorporated by reference as the appropriate administrative record in this case. We shall reverse so that the parties may present the superior court with an appropriate record for the court to determine whether the Cal OSHA law mandates reimbursable costs.

## DISCUSSION

■ District has the right to judicial review of Board's denial of District's claim, which was based on Board's interpretation of the Cal OSHA statute.[2]

Under former section 2231, the state "shall" reimburse each school district for costs mandated by the state as defined in section 2207.5.[3] Under former section 2250 the State Board of Control "shall hear and decide upon a claim" by a school district that the district has not been reimbursed for all costs mandated by the state as required by section 2231.[4] In this case Board

---

[2] District's claim was denied on January 29, 1980. Accordingly, in footnotes 3 to 7, *post,* we quote pertinent former provisions of the Revenue and Taxation Code then applicable, as enacted by Statutes 1978, chapter 794. These provisions have since been repealed and the subject matter is now treated by Government Code section 17500 et seq. (See Stats. 1986, ch. 879, §§ 23, 37, 40, 41, 44, pp. 3045 & 3047.)

[3] "2231. (a) The state shall reimburse each local agency for all 'costs mandated by the state', as defined in Section 2207. The state shall reimburse each school district only for those 'costs mandated by the state' as defined in Section 2207.5." (Stats. 1978, ch. 794, § 1.1, p. 2546.)

[4] "2250. The State Board of Control, pursuant to the provisions of this article, shall hear and decide upon a claim by a local agency or school district that such local agency or school district has not been reimbursed for all costs mandated by the state as required by Section 2231 or 2234. [¶] Notwithstanding any other provision of law, this article shall provide the sole and exclusive procedure by which the Board of Control shall hear and decide upon a

has heard and decided District's claim, denying the claim on the ground that no reimbursable costs have been mandated. Under former section 2253.5 "a claimant or the state may commence a proceeding in accordance with the provisions of Section 1094.5 of the Code of Civil Procedure to set aside a decision of the Board of Control on the grounds that the board's decision is not supported by substantial evidence."[5] In this case, District is "a claimant" and it seeks pursuant to Code of Civil Procedure section 1094.5 to set aside "a decision of the Board of Control" on District's claim.[6] District's right to judicial review of the decision denying its claim is apparent from former section 2253.5. Board denied this claim on the basis of its hearing and decision on the San Jose claim. ■ The hearings and records in the San Jose case could properly be made part of the relevant administrative record in District's proceeding under Code of Civil Procedure section 1094.5.

■ Board relies upon the provisions in former section 2253.2, subdivision (a), for a public hearing on "the first claim" based upon each chaptered bill.[7] Board asks rhetorically, "Why have special provisions relating to the

---

claim that a local agency or school district has not been reimbursed for all costs mandated by the state as required by Section 2231 or 2234." (Stats. 1978, ch. 794, § 5, p. 2549.)

[5] "2253.5. A claimant or the state may commence a proceeding in accordance with the provisions of Section 1094.5 of the Code of Civil Procedure to set aside a decision of the Board of Control on the grounds that the board's decision is not supported by substantial evidence. The court may order the board to hold another hearing regarding such claim and may direct the board on what basis the claim is to receive a hearing." (Stats. 1978, ch. 794, § 8, p. 2551.)

[6] The parties discuss the provisions of former section 2218, which defined different types of "claims." However, former section 2218 was not enacted until Statutes 1980, chapter 1256, section 7, page 4249. In this case, District's claim was denied on January 29, 1980, and in our opinion District was clearly a claimant within the meaning of former section 2253.5 then applicable.

At the time of District's claim in this case (see fn. 2, *ante*), a claim was defined by section 2253 as follows: "2253. Claims submitted pursuant to this article for reimbursement, as required by Section 2231, of a cost mandated by the state shall be limited to the following: [¶] (a) A claim alleging that the Controller has incorrectly reduced payments to a local agency pursuant to the provisions of paragraph (2) of subdivision (d) of Section 2231; [¶] (b) A claim alleging that a chaptered bill or an executive order has resulted in costs mandated by the state and that such bill or executive order contains a provision making inoperative Section 2231 or 2234 or [¶] (c) A claim alleging that a chaptered bill has resulted in costs mandated by the state and that such bill contains neither a provision making inoperative Section 2231 or 2234 nor an appropriation to reimburse the claimaint for such costs; or [¶] (d) A claim alleging that an executive order has resulted in costs mandated by the state, that no funds have been appropriated pursuant to Section 2231 to reimburse the claimant for such costs, and that such executive order does not contain a provision making inoperative Section 2231 or 2234. [¶] Subdivisions (b) and (c) of this section shall apply only to claims submitted under a bill chaptered after January 1, 1973, for all costs incurred after January 1, 1978." (Stats. 1978, ch. 794, § 6, p. 2549.)

[7] "2253.2. (a) The Board of Control shall, within ten days after receipt of the first claim based upon each chaptered bill or executive order as described in subdivisions (b) and (d) of Section 2253, set a date for a public hearing on such claim within a reasonable time. Such

First Claim unless the First decision was going to have special significance?" and Board contends that the issue in this case is "Did the Legislature intend that each school district, each city, each county, each special district in California could demand a hearing, with evidence and argument for and against, with the State interests represented by the Department of Finance and appropriate State Department on each statute enacted or regulation adopted?" This argument misconstrues District's contentions and does not properly state the issue.

District does not contend that Board was required to hold another public hearing for all interested persons pursuant to former section 2253.2, subdivision (a), before denying District's claim. A new hearing would be required only if District is successful in this litigation on the question of interpretation of the Cal OSHA law, because then Board would be required to "adopt parameters and guidelines for reimbursement of any claims relating to such bill or executive order."

As argued by District, former section 2253.2, subdivision (a), serves the administrative convenience of Board by eliminating any suggestion of a requirement for elaborate repetitive hearings involving the same chapter or executive order or regulation. By its context, that subdivision was adopted primarily for cases in which Board "determines a cost *was* mandated." (Italics added.) Adopting parameters and guidelines facilitates routine processing of claims of other districts and local agencies under the same bill or executive order pursuant to former sections 2231 and 2255. Conversely, where Board's decision on the first claim is that no reimbursable costs are mandated, Board may properly rely on that decision to deny the claims of other school districts or local agencies relating to such chapter, and need not hold a repetitive public hearing. But nothing in that procedure indicates an intent to foreclose claimants from access to the judiciary to review a question of law and statutory interpretation, namely, whether the Cal OSHA law mandated a new program or increased level of service as defined

claims shall be submitted in a form prescribed by the board. After a hearing in which the claimant and any other interested organization or individual may participate, the board, if it determines a cost was mandated, shall adopt parameters and guidelines for reimbursement of any claims relating to such bill or executive order. A local agency, school district, and the state may file a claim or request with the board to amend, modify, or supplement such parameters or guidelines. The board may, after due public notice and hearing, amend modify, or supplement such parameters and guidelines.

". . . . . . . . . . . . . . . .

"(d) The Legislature declares that the purpose of this section is to encourage local agencies and school districts to file claims for reimbursement with much more advance knowledge of the extent of possible reimbursement and to provide for a more expeditious and efficient claims process." (Stats. 1978, ch. 794, § 10 [the section number should be 7], pp. 2549-2550, 2551.)

in section 2207.5. According to Board's theory, if Board erred as a matter of law in interpreting the statute on the first claim by the San Jose School District, but the San Jose School District did not seek judicial review, that error of law must be perpetuated and hundreds of school districts and local agencies must be denied legitimate reimbursement because no one else has standing to seek judicial review when Board denies their claim on that basis. We find nothing in the statutory scheme which compels such a startling result.

Board's contention that District's interpretation would flood the courts with multiple litigation is unfounded. A *judicial* interpretation whether the statute mandates reimbursable costs could become a matter of binding precedent which would forestall multiple litigation. Furthermore, since the San Jose School District did not seek judicial review, and District is the first to do so, there has been no multiple litigation.

■ Finally, Board contends that District should be collaterally estopped to challenge Board's interpretation, in the manner "the state" was held estopped in *Carmel Valley Fire Protection Dist.* v. *State of California, supra,* 190 Cal.App.3d at pages 534-536. There is no merit to this analogy. In *Carmel Valley,* after a hearing in which state agencies participated, the Board of Control held that certain costs were reimbursable. The state did not seek judicial review of that determination within a three-year statute of limitations. Here, on the other hand, District promptly sought judicial review after the denial of its claim. In *Carmel Valley* the state further acquiesced in the Board's findings by seeking an appropriation in the Legislature to satisfy the validated claims. There was no such acquiescence here. Finally, all the various school districts and local agencies who file claims for reimbursement of state mandated costs cannot reasonably be considered in the same kind of "privity" as state agencies who were held to constitute "the state" in *Carmel Valley.*

■ We conclude the trial court erred in holding that District has no right to seek judicial review of the denial of its claim.[8]

---

[8] As we understand District's position, it contends the trial court erred in refusing to consider the question of law whether Statutes 1973, chapter 993, *itself* comes within the meaning of section 2207.5. We assume District does not contest that portion of the trial court's judgment which holds that District has not adequately pleaded specific *executive orders and regulations* pertaining to Cal OSHA which might contain state mandated costs.

The judgment is reversed and the cause remanded for further proceedings consistent with the views expressed in this opinion. Costs on appeal are awarded to District.

Feinerman, J.,* Hastings, J.,† concurred.

---

*Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairperson of the Judicial Council.

†Retired Associate Justice of the Court of Appeal sitting under assignment by the Chairperson of the Judicial Council.